UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 12-598-KKC

JANE A. HURST,                                                                              PLAINTIFF,
Next friend of D.A.S. a minor, deceased

V.                            **MEMORANDUM OPINION AND ORDER**

DAVID WAYNE ROWLAND, et al.                                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Pending before the court are the defendants' motion to dismiss for lack of jurisdiction and motion to dismiss for failure to state a claim (R. 15). This matter arises from a tragic hunting incident in Claiborne County, Tennessee that occurred on November 26, 2011. Plaintiff Jane A. Hurst states that she is a citizen and resident of Middlesboro, Kentucky, as was her son D.A.S. a minor who was shot and killed by Defendant David Wayne Rowland, a resident of Tennessee, while on a hunting trip in Claiborne County. *See* R. 4 at 1. Plaintiff brought suit in federal court for the wrongful death of her son and alleges complete diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 and an amount in controversy greater than $75,000.

The Defendants contest whether there is complete diversity and allege three arguments: (1) that there is nothing in the complaint to show that next friend Jane Hurst is an alleged citizen of the Commonwealth of Kentucky or that she has standing to file suit on behalf of minor D.A.S.; (2) that the plaintiff does not explain the minor father's absence from the lawsuit; and (3) the plaintiff has failed to join the grandfather or the minor as a possible joint tort-feasor. For the following reasons, the court concludes that it does not lack subject-matter jurisdiction.

1

Subject matter jurisdiction is a threshold determination that may be raised at any stage in the proceedings. *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack raises a factual controversy and the district court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id*. "A district court must generally confine its Rule 12(b)(1) or Rule 12(b)(6) ruling to matters contained within the pleadings and accept all well-pleaded allegations as true." *Tackett v. M&G Polymers, USA, LLC.*, 561 F.3d 478, 481 (6th Cir. 2009).

Here, the case was originally filed in federal court stating "[t]he Plaintiff D.A.S., a minor, deceased by next friend Jane A. Hurst in support of his Complaint for wrongful death . . ." R.4 at 1. For purposes of diversity jurisdiction "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . ." 28 U.S.C. § 1332(c)(2). The Tennessee wrongful death statute establishes that in a wrongful death suit only one right of action exists, the action the decedent would have had absent the negligence of the wrongdoer. *Ki v. State*, 78 S.W.3d 876, 879 (Tenn. 2002); Tenn. Code. Ann. § 20-5-106(a). "The survivors assert only the decedent's right of action on behalf of the decedent." *Mancuso v. Cruise*, WL 20517 *2 (M.D. Tenn. 2006). Therefore, for the purposes of the court's analysis under § 1332(c)(2) the Court looks to the decedent's citizenship or domicile. *Id*. at *2. The domicile of a minor child, however, is controlled by his parents. *Id*. (citing *McElhaney v. Chipman*, 647 S.W.2d 643, 644 (Tenn. Ct. App. 1982)).

2

Case 3:12-cv-00598   Document 22   Filed 05/08/13   Page 2 of 4   PageID #: 99

Nothing in the complaint suggests that Jane Hurst has improperly brought suit as the legal representative of her deceased minor son.[1] Jane Hurst alleges that both she and her deceased minor child were residents and citizens of Middlesboro, Kentucky. R. 4 at 1. The Defendants David Wayne Rowland and his wife Barbara Sue Rowland are residents and citizens of Claiborne County, Tennessee. *Id*. Defendants offer no evidence to the contrary. Therefore, on this record, diversity of citizenship between the parties exists and the court has subject matter jurisdiction to proceed.

Defendants also speculate that the plaintiff does not explain the father's absence in this lawsuit and complain that the plaintiff has failed to join the grandfather as a possible tortfeasor. The court need not examine these speculative allegations because the defendants may raise, as an affirmative defense, that a nonparty, such as the grandfather who is alleged to have been hunting with the deceased minor, caused or contributed to the injury at hand. *See McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992)(holding "fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought"). The court notes that this matter may be revisited if new facts come to light the issue of subject matter jurisdiction may be raised at any time. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). Because the Defendants' argument for failure to state a claim appears to be predicated upon its jurisdictional argument it will be also be denied.

Plaintiff has filed a motion for leave to amend (R. 12) the complaint. In deciding whether to grant leave to amend a complaint, the court should consider, among other factors, delay in

---

[1] To the extent her status as "legal representative" is unclear, Hurst has filed a supplemental pleading indicating that she was due to appear in probate court on May 1, 2013 for formal appointment as legal representative. *See* R. 21. While supplemental briefs are generally not allowed without prior approval of the Court (*See* Local Rule 7.1(d)), in this instance the court will allow such supplementation of the record to "call to the Court's attention developments occurring after a party's final brief is filed."

3

filing and undue prejudice to the opposing party. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Further, Rule 15(a) of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend a complaint] when justice so requires." Given that no discovery has taken place and because the defendants have not made "at least some significant showing" of prejudice that they would suffer as a result of an amended complaint, plaintiff's motion for leave to amend will be granted. *See Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

For the reasons stated,

**IT IS ORDERED** that the defendants' motions to dismiss (R. 15) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend (R.12) is **GRANTED**. The plaintiff's Amended Complaint shall be deemed filed as of the date of the entry of this order.

Dated this 7th day of May, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge