UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JANE A. HURST, next fried of | ) | |
| D.A.S., a minor, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-598 |
| v. | ) | (CALDWELL/SHIRLEY) |
| | ) | |
| DAVID WAYNE ROWLAND and | ) | |
| BARBARA SUE ROWLAND, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiff's Motion to Strike [Doc. 31]. Defendant has filed a Response to Plaintiff's Motion to Strike [Doc. 33], and the Court finds that this issue is now ripe for adjudication. For the reasons set forth herein, the Motion to Strike will be **GRANTED IN PART** and **DENIED IN PART**.

In her Motion to Strike, the Plaintiff moves the Court to strike certain portions of the Defendant's Answer to the Third Amended and Supplemental Complaint. Specifically, the Plaintiff moves the Court to strike the following statements:

1. "The Defendants would respectfully file their standing objection in their Answer to the Plaintiff's continued misuse and abuse of Rule 15 of the Federal Rules of Civil Procedure in which the Plaintiff has continually requested multiple amendments of her Complaint from this Honorable Court." [Doc. 29 at 1], hereinafter "the Rule 15 Abuse Statement."

2. "The Defendants would further assert the defense that the Plaintiff has failed to properly join the biological father in this lawsuit pursuant to Rule 19 and under Rule 12(b)(7)." [Doc. 29 at 4], hereinafter "the Biological Father Statement."

3. "Futhermore, the Defendants would assert the affirmative defense that the Plaintiff failed to properly join the grandfather as [a] party pursuant to Rule 19 as a possible tortfeasor under Rule 12(b)(7)." [Doc. 29 at 4], hereinafter "the Grandfather Statement."

4. The prayer for relief asking that a "hearing be held for the Defendants to argue their affirmative defenses by motion to dismiss the Plaintiff's case under the Federal Rules of Civil Procedure" and that the case be dismissed [Doc. 29 at 7], hereinafter "the Request for Hearing and Dismissal."

Plaintiff argues that the Court should strike these statements pursuant to Rule 12 of the Federal Rules of Civil Procedure. [Doc. 31]. Plaintiff argues that the Rule 15 Abuse Statement is immaterial and inconsistent with the District Judge's ruling granting the Plaintiff leave to amend her complaint. Plaintiff argues that the Biological Father Statement and Grandfather Statement are inconsistent with the District Judge's ruling on May 8, 2013. Finally, Plaintiff argues that the Request for Hearing and Dismissal is also redundant, immaterial, impertinent, and inconsistent with the District Judge's earlier ruling.

Defendants respond by arguing that they should be allowed to lodge a standing objection to any future amendments of Plaintiff's pleadings in their answer. [Doc. 32]. Defendants, however, concede that the language "continued misuse and abuse" should be stricken from the Answer to the Third Complaint. With regard to the Biological Father and Grandfather Statements, the Defendants assert that "they have to re-assert all of the defenses available to

2

them each time the Plaintiff amends her Complaint," [Doc. 32 at 2], and they request that the Court allow these defenses to remain pending. Defendants agree that the request for a hearing can be stricken from the Complaint, but they again assert that their request to amend should be re-asserted.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The Court has considered the parties' positions, Rule 12, and the previous rulings in this case, and the Court finds:

1. The Rule 15 Abuse Statement should be stricken from the Answer to the Third Complaint, in its entirety. The parties agree and the Court finds that the Defendants' statement about "continued misuse and abuse" must be removed. The Court, further, finds that the statement as a whole is a premature objection to relief that *might* be asked in the future. The Defendants will be afforded an opportunity to object to any future relief sought by the Plaintiff, and the Answer to the Third Complaint is not the appropriate vehicle for preemptively lodging such objections. Accordingly, the Rule 15 Abuse Statement is **STRICKEN** in its entirety.

2. The Biological Father Statement and Grandfather Statement should not be stricken from the Complaint. The Court finds that the District Judge's previous Memorandum and Order addressing the Defendants' challenge to subject matter jurisdiction did not preclude the Defendants from pleading these defenses. The

3

Defendants may continue to plead all defenses to each of Plaintiffs' Amended Complaints, for *inter alia* preservation of the issue on appeal.

3. The Request for Hearing and Dismissal must be stricken in its entirety. Defendants concede that their pleading is not the appropriate vehicle for requesting a hearing. The Court finds that it is not appropriate to include either the request for hearing or the request that this case be dismissed in the Answer to the Third Complaint. Accordingly, the "the Request for Hearing and Dismissal" is **STRICKEN** in its entirety.

In sum, the Motion to Strike **[Doc. 31]** is **GRANTED IN PART** and **DENIED IN PART** as stated above. The Defendants **SHALL FILE** a revised Answer to the Third Amended and Supplemental Complaint, which *removes* the statements stricken above on or before **October 11, 2013**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge